UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| W LYNN FRAZIER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-2 |
| | § | |
| AUSTIN EXPLOSIVES COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day came on to be considered Plaintiff's Rule 30(b)(6) Notice of Intent to Take Deposition of Defendant Wireline Solutions, LLC. ("Wireline").

Plaintiff argues that he needs to take a Federal Rule of Civil Procedure 30(b)(6) deposition of Wireline to "fill in the blanks" left by earlier depositions of Louis Chenault and Glen Holcomb, the principals of both MAP Oil Tools, Inc. and Wireline. (D.E. 97.) Defendant responds that Plaintiff has failed to justify his Rule 30(b)(6) notice, as Plaintiff has not linked his proposed deposition topics to what he claimed to be evasive answers by Chenault and Holcomb. (D.E. 103.)

Rule 30(b)(6) is "designed to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself." Brazos River Authority v. GE Ionics, Inc., 469 F.3d 416, 432-33 (5th Cir. 2006). Plaintiff has sufficiently demonstrated that a Rule 30(b)(6) deposition is warranted here, in light of Chenault and Holcomb's incomplete prior deposition testimonies. Defendants have failed to demonstrate that any of the Rule 26(b)(2)(C) considerations warrant denial of Plaintiff's Rule 30(b)(6) deposition request.

Plaintiff's request to take a Rule 30(b)(6) deposition of Defendant Wireline Solutions, LLC is hereby GRANTED.

SIGNED and ORDERED this 11th day of November, 2010.

_____
Janis Graham Jack
United States District Judge